IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| GAIL H. CLAYTON and THOMAS A. CLAYTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | 1:22CV908 |
| v. | ) |  |
|  | ) |  |
| ALEXANDER WELLS and ALLYSON P. WELLS, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court are the following motions: (1) a Motion to Dismiss, (ECF No. 11), filed by Defendants Alexander and Alyson P. Wells ("the Wells"); (2) Cross-Motions for Rule 11 Sanctions filed by both Defendants, (ECF No. 18), and Plaintiffs Gail H. and Thomas A. Clayton ("the Claytons"), (ECF No. 28); and (3) Plaintiffs' Motion for Injunctive Relief and Damages, (ECF No. 21). Plaintiffs are *pro se* litigants.[1] For the reasons stated herein, Defendants' Motion to Dismiss will be granted; Defendants' Motion for Rule 11 Sanctions will be granted; Plaintiffs' Motion for Injunctive Relief and Damages will be denied; and Plaintiffs' Motion for Rule 11 Sanctions will be denied.

---

[1] Plaintiffs appear *pro se* and thus their motions are "to be liberally construed" and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

## I. BACKGROUND[2]

This action involves a dispute about the ownership of real property following North Carolina state court foreclosure proceedings affecting said property which were resolved nearly 10 years ago.[3] Plaintiffs, in their *pro se* complaint allege that in November 2015 Defendants moved into the real property at issue in this case—416 Benjamin Court, Burlington, NC 27215 ("Benjamin Court property")—which according to Plaintiffs has been in their name "since July 1991 and remain[s]" in their name. (ECF No. 1 at 6.) Further, Plaintiffs allege that they have paid for the real property "in full" and that Defendants possess "fake documents" and are "trying to steal [their] 41 years of marital equity through an adverse possession scheme." (*Id.* at 5–6.) Plaintiffs seek an injunction removing Defendants from the Benjamin Court property. (*Id.* at 5.)

Foreclosure proceedings concerning the Benjamin Court property were initiated in September 2010 in Alamance County Superior Court, case number 10 SP 894. (ECF No. 11-7 at 125–26.) Plaintiffs challenged the foreclosure during those proceedings. (*See, e.g.*, ECF No. 11-7 at 53–54, 56.) In September 2011, the Alamance County Superior Court Clerk ordered that foreclosure was not barred under state law and authorized the foreclosure to proceed. (ECF No. 11-7 at 63.) Ultimately, Plaintiffs were issued a Notice of Eviction for the Benjamin Court property and locked out of the property on June 12, 2014. (*Id.* at 3–4.)

---

[2] Much of the state court procedural history is taken from Superior Court filings and orders, and Alamance county records (*see* ECF Nos. 11-7; 11-1; 11-3), of which this Court takes judicial notice. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (per curiam) (stating that a district court "may clearly take judicial notice" of public records, including state court proceedings).

[3] Plaintiffs appear to bring this claim pursuant to the 13th Amendment and 22 U.S.C. 7102(9). (ECF No. 1 at 3.) However, neither authority relates to the requested relief or the allegations in the Complaint. In light of the claim satisfying the requirements for diversity jurisdiction and Plaintiffs appearing *pro se*, the Court evaluates Plaintiffs' Complaint based on the substance of the allegations.

2

After a previous post foreclosure sale, Defendants purchased the Benjamin Court property in October 2015. (ECF No. 11-1.) In 2016, Plaintiffs filed a "Complaint in Summary Ejectment" in Alamance County Small Claims Court, case number 16 CVM 1440, seeking to evict Defendants from the Benjamin Court property; however, the action was dismissed with prejudice for lack of jurisdiction because the small claims court found that the dispute concerned ownership of real property, and the dispute had been heard in a different state court action. (ECF No. 11-3.)

Plaintiffs have also filed numerous lawsuits in the Middle District of North Carolina against multiple parties all of which appear to challenge the foreclosure of their former home, the Benjamin Court property. *See Clayton v. Rogers, Townsend & Thomas, PC*, No. 1:13CV595, 2014 WL 4410681 (M.D.N.C. Sept. 8, 2014) (dismissed for lack of subject matter jurisdiction in light of Superior Court of Alamance County's judgment of foreclosure) *R. & R. adopted*, 1:13CV595 (M.D.N.C. Sept. 30, 2014); *Clayton v. City of Burlington*, 1:12CV1158, (M.D.N.C. Oct. 28, 2014) (granting motions to dismiss); *Clayton v. Suntrust Bank*, No. 1:11CV818, 2013 WL 507241 (M.D.N.C. Feb. 11, 2013) (remanding to state court); *In re David A. Simpson, P.C.*, No. 1:11CV783, (M.D.N.C. Sept. 12, 2012) ("The state court action (No. 10–SP–894) was filed by the substitute trustee, David A. Simpson, P.C., to foreclose upon a deed of trust and note executed by the Claytons and held by BB&T and to sell the home and property securing the note."); *Id.* 2013 WL 179212 (M.D.N.C. Jan. 17, 2013) (remanding to state court). All of these cases were dismissed or remanded to North Carolina state court.

## II. STANDARD OF REVIEW

Under Rule 12(b)(1), a party may seek dismissal based on a court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is a threshold issue

3

that relates to the court's power to hear a case and must be decided before a determination on the merits of the case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). A motion under Rule 12(b)(1) raises the question of "whether [the claimant] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). A defendant may present a motion to dismiss for lack of subject matter jurisdiction either by contending that the complaint does not sufficiently allege jurisdiction, or by contending that the allegations in the complaint are not true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Unless a defendant pursues the latter method and attacks the truth of the allegations, a court takes them as true and "in effect, . . . afford[s] the same procedural protection as [the plaintiff] would receive under a Rule 12(b)(6) consideration." *Id.* A court should grant a motion under Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### III. MOTION TO DISMISS

Defendants in their brief in support of their motion to dismiss set forth several bases for dismissal of Plaintiffs' Complaint to include lack of subject matter pursuant to 12(b)(1) based on the *Rooker-Feldman* doctrine and pursuant to Rule 12(b)(6) as barred by *res judicata* and collateral estoppel. (ECF No. 12 at 5–10.) Defendants further argue that "Plaintiffs fail to provide any legal authority or argument that refutes the Wells' arguments in support of

dismissal" and request that the Court consider Defendants' arguments "unopposed" and grant Defendants' Motion to Dismiss pursuant to L.R. 7.3(k)[4]. (ECF No. 27 at 4–5.)

As a starting point, the Court declines to grant Defendants' motion as unopposed pursuant to L.R. 7.3(k). As referenced earlier, Plaintiffs are *pro se* and the Court must hold their pleadings to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. at 106. Furthermore, Plaintiffs filed a document entitled, "Response/Rebutal [sic] to Defendants' Motion for Rule 11 Sanctions Against Plaintiffs," (ECF No. 16), in which Plaintiffs make arguments that appear to address Defendants' Motion to Dismiss. (*See* ECF No. 16 at 5 (requesting that the Court deny Defendants' "motion to restrict Plaintiffs court access").) While this filing by Plaintiff has little merit as it does not address the legal arguments made and supporting documents offered by Defendants in support their motion to dismiss, except to argue that the documents are fake with no support, and merely rehashes their numerous complaints about the state court proceedings, the Court, nonetheless, construes ECF No. 16, in part, as Plaintiffs' Response to the Motion to Dismiss.

The Court next turns to Defendants' motion to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. As a general rule, federal district courts are precluded "from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." *See Hulsey v. Cisa*, 947 F.3d 246, 250 (4th Cir. 2020). The *Rooker-Feldman* doctrine effectuates that rule by barring federal courts from entertaining "cases brought by state-court losers . . . inviting district court review and rejection of [the state court's] judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Although

---

[4] LR 7.3(k) provides in relevant part that, "[i]f no response brief is filed within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

5

the reach of the doctrine is "narrow," *see id.*, the case at hand falls squarely within its scope: the Claytons, having unsuccessfully opposed the foreclosure and sale of the Benjamin Court property, now seek nothing more than review and rejection of the state court's approval of foreclosure.

Congress has carefully allocated subject-matter jurisdiction among the Supreme Court and the lower federal courts. District courts, for example, have broad original jurisdiction over actions involving federal questions, *see* 28 U.S.C. § 1331, and those in which the parties hail from different states, *see id.* § 1332(a). However, "only the Supreme Court possesses the authority to exercise appellate jurisdiction over state-court judgments." *Hulsey*, 947 F.3d at 249; 28 U.S.C § 1257(a). While Congress could empower district courts to "oversee" certain state-court proceedings—as it has, for instance, with federal habeas review, *see* 28 U.S.C. § 2254(a)—it has thus far chosen not to confer a general power to modify or reverse state-court judgments. *See Thana v. Bd. of License Comm'rs*, 827 F.3d 314, 319 (4th Cir. 2016) (citing *Exxon*, 554 U.S. at 292 n.8). That power is "lodged . . . exclusively in [the Supreme Court]." *See Exxon, 554 U.S. at 283*.

The *Rooker-Feldman* doctrine is named for the two Supreme Court cases "appl[ying] these principles to foreclose district court jurisdiction over suits that were, in essence, appeals from state-court judgments: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and D.C. Court of *Appeals v. Feldman*, 460 U.S. 462 (1983)." *Hulsey*, 947 F.3d at 249–50. In *Rooker*, the plaintiffs, having lost in state court, asked a federal district court to declare that the state-court judgment was unconstitutional and, therefore, "null and void." *See* 263 U.S. at 414–15. Likewise, in *Feldman*, parties who were unsuccessful in the District of Columbia Court of Appeals brought a federal action against that very court, alleging that the court's judgment

6

Case 1:22-cv-00908-LCB-JEP   Document 39   Filed 03/30/24   Page 6 of 13

violated federal law and seeking to enjoin it. *See* 460 U.S. at 468–69. In both cases, the complaints "essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments"—in other words, to exercise appellate jurisdiction that had not been allocated to them by Congress. *See Exxon*, 554 U.S. at 283. The Supreme Court held that such suits were "out of bounds, *i.e.*, properly dismissed for want of subject-matter jurisdiction." *See id.* at 284.

In recent years, the Supreme Court has clarified that the applicability of *Rooker-Feldman* is limited to scenarios in which a plaintiff, having lost in state court before filing their federal action, seeks to collaterally attack that unfavorable judgment. *See, e.g., Skinner v. Switzer*, 562 U.S. 521, 531 (2011) (citing *Exxon*, 554 U.S. at 284). Accordingly, "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party," then *Rooker-Feldman* presents no jurisdictional bar (though state preclusion rules may still be decisive). *See Exxon*, 554 U.S. at 283 (emphasis added) (quotation marks omitted); *Vicks v. Ocwen Loan Servicing, LLC*, 676 F. App'x 167, 168 (4th Cir. 2017) (per curiam) ("Under [*Rooker-Feldman*], federal courts may entertain claims previously examined by a state court, so long as those claims do not seek review of the state court decision itself.").

Here, Plaintiffs' claims are based on the proposition that they still own the property that is the subject of this lawsuit; that the Wells moved into their home in November 2015 knowing this foreclosure litigation was ongoing and are using adverse possession and fake documents to steal their home; and based on these allegations Plaintiffs seek an injunction to remove the Wells from the home. (*See* ECF No. 1.) To adjudicate these claims would require that this Court undertake a review of the state court's foreclosure judgment and make a

7

determination that such judgment was wrongly decided. As stated above, even if Plaintiffs had presented credible information to support these claims, which the Court finds that they have not, this Court has no power to hear such claims under the *Rooker-Feldman* doctrine.

After reviewing the substance of Plaintiffs' allegations in the Complaint, this Court finds no such "independent claim," that would allow this Court to entertain this action. (*See* ECF No. 1.) Rather, the Claytons are "seek[ing] to overturn [the] state-court judgment by reiterating the same arguments [they] pursued in the state court or by attacking the state-court judgment on grounds not previously raised but [are] 'inextricably intertwined' with the state-court judgment." *Hulsey*, 947 F.3d at 252 (citing *Feldman*, 460 U.S. at 482 n.16); *see also Chien v. Grogan*, 710 F. App'x 600 (4th Cir. 2018) (per curiam).

When reviewing a case where the plaintiff's requested relief sought to challenge foreclosure approval in North Carolina state court proceedings, the Court held:

> Since the Forsyth County Superior Court Clerk approved the foreclosure at issue here, this court lacks subject matter jurisdiction over any claim by [plaintiff] seeking to disturb that foreclosure. Any remedy available to [plaintiff] for defects in the foreclosure proceedings is available through the state court system, not through the filing of protests in federal court. [Plaintiff's] claims attacking the propriety of the foreclosure, and any other claims on which [plaintiff] bases his prayer for 'immediate return to the premises' . . . must therefore be dismissed.

*Gabriel v. Frye*, No. 1:18-CV-354, 2019 WL 136687, at *4 (M.D.N.C. Jan. 8, 2019), *aff'd*, 814 F. App'x 785 (4th Cir. 2020) (citations omitted).

The same is true in this case, and for all these reasons, this Court concludes that it lacks subject-matter jurisdiction over this action under the *Rooker-Feldman* doctrine.[5] Accordingly,

---

[5] As it is without subject-matter jurisdiction, the Court need not reach Defendants additional arguments for dismissal. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002). However, those arguments appear to have merit as well. For example, because Plaintiffs had a full and fair opportunity to litigate the foreclosure in state court—and did in fact litigate—this action is almost

8

Case 1:22-cv-00908-LCB-JEP   Document 39   Filed 03/30/24   Page 8 of 13

Defendants' Motion to Dismiss is granted. Having found that this Court lacks subject-matter jurisdiction, Plaintiffs' Motion for Injunctive Relief and for Damages, (ECF No. 21), is denied, and it requires no further discussion.

## IV. DEFENDANTS' MOTIONS FOR RULE 11 SANCTIONS[6]

Defendants next move for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and the All Writs Act, 28 U.S.C. § 1651(a). (ECF No. 18 at 1.) Pursuant to Rule 11, the Court may impose sanctions in order to deter abusive litigation tactics. *See* Fed. R. Civ. P. 11(b)–(c) ("[T]he court may impose an appropriate sanction" on a party whose filings are intended to "harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]"). The Court also has the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). Further, the All Writs Act, 28 U.S.C. § 1651(a), authorizes judges to restrict access to federal courts by "vexatious and repetitive litigants" by imposing prefiling injunctions upon them, although the "use of such measures against a *pro se* plaintiff should be approached with particular caution and should remain very much the exception to the general rule of free access to the courts." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817–18 (4th Cir. 2004) (quotation marks omitted).

---

assuredly barred by principles of issue or claim preclusion under North Carolina law, *see generally Whitacre P'ship v. Biosignia, Inc.*, 591 S.E.2d 870, 880 (N.C. 2004).

[6] This Court may order sanctions even though it has determined that subject-matter jurisdiction over the instant complaint is lacking. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("[T]he imposition of costs, attorney's fees, . . . [or] a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (confirming that a sanctions order "does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction").

9

Defendants have moved for both monetary sanctions, in the form of attorney's fees, and for a prefiling injunction enjoining Plaintiffs from filing future lawsuits related to the Benjamin Court property. (ECF No. 18 at 4.) The Claytons in response continue to recount their version of the facts, make arguments attempting to justify the relief they seek, (ECF No. 24 at 3–8), and state in a conclusory manner that they have "in no way abused the judicial process," (*id.* at 7). Since 2011, the Claytons have commenced multiple actions in both state and federal court, as earlier referenced in this Memorandum, based on the same state foreclosure proceedings, often raising the same issues and arguments despite adverse judgements and rulings. Further, Plaintiffs do not counter Defendants arguments with case law or demonstrate that their positions are supported by existing law. (*See generally* ECF No. 24.) In addition, viewing this lawsuit in the context of Plaintiff having filed and lost a summary ejectment proceeding against the Wells in state court leads this Court to conclude that this lawsuit was brought for an improper purpose. That is to seek appellate review of a claim that the state court has already decided. Finally, the Court notes that Defendants put Plaintiffs on Notice that if they proceeded with this action, Defendants would seek sanctions.

Therefore, the Court finds that Defendants' request that this Court order Rule 11 sanctions against Plaintiffs is appropriate under the circumstances of this case. In addition to the award of reasonable attorney's fees for the prosecution of the Defendants' Motion to Dismiss, the Court also concludes that a pre-filing injunction may be necessary to deter further frivolous filings by Plaintiffs.

In determining whether a prefiling injunction is warranted, a district court must consider all relevant circumstances, including: (1) the party's history of litigation, in particularly whether they have filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had

10

a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Cromer*, 390 F.3d at 818. The Court has considered each of the above enumerated factors, in addition to considering that Plaintiffs are *pro se*, and finds that a prefiling injunction is both a suitable and necessary sanction. As discussed above—the Claytons have an extensive history of making vexatious and duplicative filings in both state and federal court, and the instant lawsuit is a continuation of that behavior, which has resulted in significant cost and unnecessary burden to Defendants and the Court's docket. This Court will therefore enjoin the Claytons from making any future filings in federal court related to this action, the real property at issue, or any corresponding litigation arising out of substantially similar subject matter unless such filing is certified by a licensed attorney as being in compliance with Rule 11.

Finally, because the Claytons have demonstrated a continued propensity to pursue an improper litigation strategy, this Court issues the following express warning: **failure to comply with this Court's orders will likely result in additional sanctions to include summary dismissal of such action, additional award of attorney's fees and /or contempt of Court proceedings or other sanction deemed necessary by the Court.**

### V. PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS

Plaintiffs also move for Rule 11 sanctions arguing that Defendants' attorney should be sanctioned for "deceitful and misrepresentation of filings" and "frivolous filings." (ECF No. 28 at 4.) Plaintiffs make problematic, unsupported accusations of unethical conduct by Defense counsel. (*See* ECF Nos. 28, 29.) This Court finds these accusations to be without merit. For these reasons and in light of the standard for Rule 11 sanctions discussed above,

the Court finds no basis for sanctions against Defendants' attorney. Therefore, Plaintiffs' Motions for Rule 11 Sanctions against Daniel F. E. Smith will be denied.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (ECF No. 11), is **GRANTED;** and this action is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Rule 11 Sanctions, (ECF No. 18), is **GRANTED** as follows:

(a.) Plaintiffs shall pay to Defendants reasonable attorney's fees incurred in this action in an amount to be determined by this Court in a subsequent Order;

(b.) Defendants shall submit to this Court an attorney's fee affidavit and accompanying billing details within 14 days of the entry of this Memorandum and Order from which the Court will determine the amount of attorney's fees Plaintiffs will be ordered to pay;

(c.) Plaintiffs Mr. and/or Mrs. Clayton are hereby enjoined by this Prefiling Injunction (Gatekeeper's Order) from filing *pro se* any future filings in federal court related to this action, the real property at issue in this action, or any corresponding litigation arising out of substantially similar subject matter unless such filing is certified by a licensed attorney who either: (1) has given Notice to the Court to undertake representation of Plaintiffs Mr. and/or Mrs. Clayton; or (2) has certified in writing to the Court that the proposed motion, pleading, or other filing by Plaintiffs has merit and is in compliance with Federal Rule of Civil Procedure 11. This injunction does not

apply to the filing of timely notices of appeal from this Court to the Fourth Circuit Court of Appeals and filings solely in furtherance of such appeals for this case.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Injunctive Relief and Damages, (ECF No. 21), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Rule 11 Sanctions, (ECF No. 28), is **DENIED**.

This, the 30th day of March, 2024.

/s/Loretta C. Biggs
United States District Judge