IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GAIL H. CLAYTON and <br> THOMAS A. CLAYTON, <br><br> Plaintiffs, <br><br> v. <br><br> ALEXANDER WELLS and <br> ALLYSON P. WELLS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:22CV908 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, Senior District Judge.

This matter is before this Court on the awarding of attorney's fees. On March 30, 2024, this Court granted Defendants Alexander Wells and Allyson P. Wells Motion to Dismiss and Motion for Rule 11 Sanctions. (ECF No. 39 at 12.) In granting Defendants' motion for sanctions this Court ordered Plaintiffs Gail H. Clayton and Thomas A. Clayton to pay Defendants "reasonable attorney's fees incurred in this action in an amount to be determined by this Court in a subsequent Order." (*Id.*) For the reasons stated herein, Defendants are awarded attorney's fees ad costs in the amount of $20,178.89.

**I. BACKGROUND**

This action involved a dispute about the ownership of real property. Plaintiffs, in their *pro se* complaint alleged that in November of 2015 Defendants moved into property they own, 416 Benjamin Court, Burlington, NC 27215 ("Benjamin Court property"). (ECF No. 1 at 6.) Plaintiffs alleged that they have paid for the Benjamin Court property "in full" and that Defendants possessed "fake documents" and were "trying to steal [their] 41 years of marital

equity through an adverse possession scheme." (*Id.* at 6.)  This action follows foreclosure proceedings on the Benjamin Court property, initiated on May 13, 2013, in North Carolina state court, resolved over 10 years ago in favor of Defendants.  (ECF No. 19 at 3.)  The instant action was initiated by Plaintiffs on October 24, 2022.  (*See* ECF No. 1.)

On March 30, 2024, this Court dismissed Plaintiffs case for lack of subject matter jurisdiction.  (ECF No. 39 at 12.)  Plaintiffs then appealed this Court's decision to the Fourth Circuit.  (ECF No. 43.)  On December 23, 2024, the Fourth Circuit affirmed this Court's judgment finding that "the district court did not err in dismissing [Plaintiff's] Complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because disposition of their claims would have required review of the state foreclosure judgment and a determination by the district court that it was wrongly decided."  *Clayton v. Wells*, No. 24-1611, 2024 WL 5200151, at *1 (4th Cir. 2024).

In its March 30, 2024, Order, this Court also granted Defendants' Motion for Rule 11 Sanctions enjoining Plaintiffs from making any future filings and granting Defendants attorney's fees.  (ECF No. 39 at 12–13.)  In its Order, this Court ordered Defendants to "submit an attorney's fee affidavit and accompanying billing details within 14 days of the entry of [the] Memorandum and Order."  (*Id.* at 12.)  On April 2, 2024, Defendants filed their affidavit and billing details, which include around 65 hours of work performed by lead attorney Daniel F. E. Smith, and associate Daniel L. Colston.  (ECF No. 40.)  The Court will now make findings regarding the award of sanctions and determine whether Defendants request of attorney's fees is reasonable.

2

## II. DISCUSSION

### a. A Sanction of Reasonable Attorney's Fees is Appropriate

Defendants moved for sanctions against Plaintiffs requesting "reasonable attorney['s] fees to defend this baseless, repetitive, and harassing lawsuit." (ECF No. 19 at 9.) Defendants argued that Plaintiffs are "attempting to relitigate and overturn the results of the state foreclosure proceedings." (*Id.* at 10.) Additionally, Defendants alleged that "[n]o prior orders from the Court or previous dismissals of Plaintiffs' claims have stopped Plaintiffs from continuing to pursue these duplicative baseless actions." (*Id.* at 11.) This Court agrees.

When an attorney or unrepresented party presents to the court a "pleading, written motion, or other paper," he certifies that the document meets the following: "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b).

A violation of Rule 11 is subject to sanctions, and "pro se litigants are subject to any and all appropriate sanctions for their misconduct." *Zaczek v. Fauquier Cty., Va.*, 764 F.Supp. 1071, 1077 (E.D. V.A. 1991). "[P]ro se litigants who engage in vexatious or abusive legal proceedings are not shielded from immunity," this includes pro se litigants who file frivolous or repetitive lawsuits. *See id.* at 1077 n. 21.

"Rule 11 does not specify the sanction to be imposed for any particular violation of its provisions, [but] the advisory committee note to the Rule's 1993 amendments provides guidance with an illustrative list." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 150–51 (4th Cir. 2002). Factors to consider in determining the appropriate sanction include whether the

3

conduct was willful or part of a pattern of activity, whether it infected the entire pleading, whether it affected the cost and duration of the litigation process, whether the responsible person has engaged in similar conduct in other litigation, the financial resources of the responsible person, and the amount needed to deter similar activity by others. *Oudeh v. Goshen Med. Ctr., Inc.*, 745 F. Supp.3d 265, 274 (E.D.N.C. Aug. 16, 2024) (quoting *Hunter*, 281 F.3d at 150–51).

This Court finds that the instant lawsuit was brought for an improper purpose and is a part of a pattern of similar conduct by Plaintiffs. (*See* ECF No. 39 at 10.) Plaintiffs repeated actions in both state and federal court are all based on the same state foreclosure proceedings of the Benjamin Court property. *See Clayton v. Rogers, Townsend & Thomas, PC*, No. 1:13CV595, 2014 WL 4410681 (M.D.N.C. Sept. 8, 2014) (dismissed for lack of subject matter jurisdiction in light of Superior Court of Alamance County's judgment of foreclosure) *R. & R. adopted*, 1:13CV595 (M.D.N.C. Sept. 30, 2014); *Clayton v. City of Burlington*, 1:12CV1158, (M.D.N.C. Oct. 28, 2014) (granting motions to dismiss); *Clayton v. Suntrust Bank*, No. 1:11CV818, 2013 WL 507241 (M.D.N.C. Feb. 11, 2013) (remanding to state court); *In re David A. Simpson, P.C.*, No. 1:11CV783, (M.D.N.C. Sept. 12, 2012) ("The state court action (No. 10–SP–894) was filed by the substitute trustee, David A. Simpson, P.C., to foreclose upon a deed of trust and note executed by the Claytons and held by BB&T and to sell the home and property securing the note."); *Id.* 2013 WL 179212 (M.D.N.C. Jan. 17, 2013) (remanding to state court).

Therefore, Plaintiffs filed this case seeking "appellate review of a claim that the state court has already decided." (ECF No. 39 at 10.) Plaintiffs have willfully caused needless costs in the litigation process and were even put on notice by Defendants that attorney's fees would be sought if Plaintiffs did not dismiss their lawsuit. (ECF No. 11-2 at 3–6.)

4

Accordingly, Plaintiffs repeated filings are improper, are not grounded in law, and have needlessly increased the cost of litigation. *See McMahon v. F&MM Bank-Winchester*, No. 93-2392, 1994 WL 719695, at *2 (4th Cir. 1994) (affirming district courts award of $42,378 in attorney's fees against plaintiff whose pleadings were not grounded in law, and repeated filed cases in state and federal court); *see also Potter v. Mostellar*, 199 F.R.D. 181, 184, 190 (D.Sc. 2000) (granting attorney's fees and a prefiling injunction against plaintiffs who engaged in a series of tort actions in state and federal court, partly with the purpose of harassing defendants).

The Court will now determine whether Defendants' requested attorney's fees are reasonable.

**b.    Defendants' Requested Attorney's Fees are Reasonable**

Defendants request $19,991.70 in attorney's fees and $187.19 in costs from Plaintiffs, for a total of $20,178.89. (ECF No. 40-1 at 5.)

Rule 11 speaks in terms of an "appropriate sanction" and specifically authorizes "reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(1), (4). What constitutes a "reasonable" fee in the context of Rule 11 "must be considered in relation with the Rule's goals of deterrence, punishment, and compensation," and "reasonable does not necessarily mean actual expenses and attorney's fees." *Fahrenz v. Meadow Farm P'ship*, 850 F.2d 207, 211 (4th Cir. 1988) (internal citations omitted).

Rule 11 "should not blindly be used to shift fees," but the amount of monetary sanctions should reflect the primary purpose of Rule 11—deterring future litigation abuse. *In re Kunstler*, 914 F.2d 505, 523 (4th Cir. 1990). Therefore, if a court awards monetary sanctions, the following four factors guide its calculation: (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum sanction needed to deter future frivolous filings; (3) the

5

party's ability to pay; and (4) the severity of the party's Rule 11 violation. *Id.* at 523 (citing *White v. Gen. Motors Corp., Inc.*, 908 F.2d 675 (10th Cir. 1990).

Regarding the first factor, this Court finds that Defendants' attorney's fees are reasonable. To calculate attorney's fees, a district court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). To determine what constitutes a reasonable number of hours and rate, district courts should be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 243–44 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (additional citations omitted). A court then "subtract[s] fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* (internal quotations omitted) (citation omitted). Finally, the Court "awards some percentage of the remaining amount, depending on the degree of success." *Id.* (internal quotations omitted) (citation omitted).

Defendants request attorney's fees at a rate of $382.50 per hour for the lead attorney Daniel F. E. Smith, and $310.50 per hour for associate Daniel L. Colston. (ECF No. 40 at 2.) Defendants counsel represents that these rates are discounted from their regular rates, and that these rates are reasonable "for an attorney of [their] experience, reputation, and ability.

6

(*Id.*) Therefore, the Court finds that these rates reflect reasonable rates for attorneys with their experience and skill. (*See* ECF No. 40 at 2.)

Additionally, the Court finds that Defendants hours expended are also reasonable. Defendants time entries reflect around 65 hours spent working on this case. (*See* ECF No. 40-1.) These 65 hours span from March 8, 2023, through September 21, 2023. (*Id.*) During that time Defendants represent that they analyzed the voluminous litigation history of Plaintiffs and reviewed and responded to Plaintiffs numerous filings including: the Complaint, Motion for an Appointed Civil Attorney Under Rule 6, Motion for Injunction Relief and Damages, Motion for Rule 11 Sanctions Against Attorney Daniel F. E. Smith, and Motion to Compel Discovery. (ECF No. 40 at 3.)

In addition to this, Defendants have filed a Motion to Dismiss, (ECF No. 11), and a Motion for Rule 11 Sanctions, (ECF No. 18), in this case. Therefore, the Court finds that 65 hours is a reasonable number of hours spent litigating this case. Further, the Court finds that Mr. Smith's rate of $382.50 and Mr. Colston's rate of $310.50 multiplied by the 65 hours spent on this case, equals a lodestar figure of reasonable attorney's fees in the amount of $19,991.70.

Regarding the second factor—minimum sanction needed to deter future frivolous filings—the Court finds that this is the minimum amount necessary. As outlined above, Plaintiffs have filed numerous lawsuits in the Middle District of North Carolina, against multiple parties all of which challenge the foreclosure of their former home, the Benjamin Court property. All of these cases were dismissed or remanded to North Carolina state court.

In addition to the numerous court proceedings, Plaintiffs have been indicted on numerous criminal charges involving Defendants. Plaintiffs have been indicted for felony breaking and entering into the Benjamin Court property while Defendants were home,

7

misdemeanor assault with a deadly weapon, felony extortion, and felony stalking. (ECF No. 19 at 5–7.) The Court finds that given Plaintiffs continuous litigation proceedings and the harassing criminal conduct, this is the minimum sanction needed to deter future frivolous filings. *See Miltier v. Downes*, 935 F.2d 660, 665 (4th Cir. 1991); *see also In re Kunstler*, 914 F.2d at 522–23.

Regarding the third factor—the party's ability to pay—Plaintiffs made no showing about their financial circumstances in their Response in Opposition to Defendants Motion for Attorney's Fees, and there is nothing before this Court to indicate that they do not have the ability to pay attorney's fees. *See Burrs v. United Tech. Corp.*, 1:18-CV-491, 2019 WL 1430258, at *2 (M.D.N.C. Mar. 29, 2019) (finding monetary sanctions in the form of attorney's fees appropriate despite a lack of evidence before the district court on plaintiff's ability to pay).

Lastly, the fourth factor—the severity of the violation— also supports the sanction amount. As stated above, Plaintiffs have initiated numerous litigation in state and federal court, on the same state foreclosure proceedings. Plaintiff's unsuccessful attempts in each case did not deter them from bringing the same claim again. Therefore, the Court finds the violation severe and finds that the requested attorneys fees are reasonable. *See McMahon v. F& MM Bank-Winchester*, No. 93-2392, 1994 WL 719695, at *2 (4th Cir. 1994) (affirming district courts award of $42,378 in attorney's fees against plaintiff whose pleadings were not grounded in law and made repeated filed cases in state and federal court).

Accordingly, the Court finds that an award of $20,179.89 in attorney's fees and costs aligns with Rule 11's goals of deterrence and punishment in this case. *See Kunstler*, 914 F.2d at 522.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiffs shall pay Defendants as sanctions **$19,991.70 in attorney's fees** and **$187.19 in costs**, for a **total of $20,178.89** pursuant to this Court's Order entered on March 30, 2024, (ECF No. 39,) and pursuant to the instant Order. Plaintiffs shall pay Defendants no later than 90 days from the entry of this Order.

This, the 25th day of August 2025.

/s/ Loretta C. Biggs
Senior United States District Judge
